## PETER SPERZEL v. MINNESOTA LOAN & TRUST COMPANY AND OTHERS.[1]

December 6, 1929.

No. 27,493.

*Herbert T. Park,* for appellant.
*Kingman, Cross, Morley & Cant,* for respondents.

DIBELL, J.

Action to recover of the defendants, trustees under the will of Lawrence S. Donaldson, deceased, a sum claimed to be due under the terms of a trust created by the will. There were findings for the defendants, and the plaintiff appeals from the order denying his motion for a new trial.

Lawrence S. Donaldson, of Minneapolis, died on July 14, 1924. He was president of the L. S. Donaldson Company of Minneapolis and was a large owner, apparently the majority owner, of its capital stock. His will was probated. It appointed the defendants trustees of a fund of $200,000 with the usual powers of trustees in such cases to take his property and dispose of the same in accordance with the terms of the will. Subdivision (c) of paragraph five of the will is as follows:

"(c) Recognizing the fact that the business to which I have devoted my life has been built up by active co-operation of those who

[1]Reported in 227 N. W. 898.

have long been associated with me, I wish to make the following provision for certain of the employees of L. S. Donaldson Company in recognition of their faithful service, to-wit:

"After provision has been made for the several devises and bequeaths in paragraph one, two, three and four, and clause A, B of this paragraph five, of this my will, I give, devise and bequeath and direct the Trustees named under this paragraph five of my will, to distribute the sum of Two Hundred Thousand Dollars ($200,000) to those persons who, at the time of my death shall be employees of L. S. Donaldson Company, the corporation in which I am interested, and who shall have been in the employ of said corporation for ten years or more."

It was then provided that the $200,000 should be distributed in proportions stated to those who had been in the employ of the company for 10 years or more and less than 15 years, 15 years or more and less than 20 years, and 20 years or more. It was further provided:

"My said Trustees in this paragraph named, using the books of said corporation as a basis for their decision, shall determine the persons who shall be entitled to participate in the distribution of said sum of Two Hundred Thousand Dollars ($200,000) and the amount to which each shall be entitled and their decision or that of the majority of them shall be final."

It is agreed that if the plaintiff was a participant he was entitled to $515 less an inheritance tax of $20.75.

In connection with the Donaldson company store and as an incident to it the company conducted a tea-room open at noontime for two hours. It employed an orchestra in which the plaintiff played from 1909 to 1926. From July, 1912, until after the death of Donaldson the plaintiff was the leader and manager and appeared on the payroll. During that period he paid the other members of the orchestra. He was required to furnish an orchestra of four instruments. The details were with him. He furnished the music between 12 noon and two in the afternoon. The remainder of the

time he was with orchestras in theaters and was connected with other musical engagements not concerning the Donaldson company.

Construing the will of Donaldson and his declared purpose of giving some additional compensation to his employes by way of gift, we think he did not have in mind giving to those in the position of the plaintiff. His purpose was to remember those who were definitely connected with the building up of his business of merchandising in the way of individual workers rather than those furnishing entertainment as the plaintiff did for so short a period each day. The fact that the plaintiff was on the payroll did not make him an employe such as was contemplated by the will.

The will designates a class the members of which are beneficiaries. The decision of the trustees as to who are the beneficiaries is made final. To what extent a trust may confer upon trustees the power to determine who shall be the beneficiaries presents some difficulty. Mattson v. U. S. Ensilage Harv. Co. 171 Minn. 237, 244, 213 N. W. 893. But our holding that a proper construction of the will excludes the plaintiff obviates this difficulty.

Order affirmed.